**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| MS. GERALDINE M. JONES, | |
| Plaintiff, | |
| v. | |
| | Civil Action No. 8:12-cv-00891-AW |
| MS. KAREN STAFFORD, | |
| Defendant. | |

<u>**MEMORANDUM OPINION**</u>

Pro se Plaintiff Geraldine M. Jones brings this action against Defendant Ms. Karen Stafford. Plaintiff asserts federal claims under ERISA, the ADEA, and the ADA. Plaintiff also asserts a common law fraud claim. Pending before the Court are the following motions: (1) Defendant's Motion to Dismiss; (2) Plaintiff's Motion for Document Summary; and (3) Defendant's Motion to Strike. The Court has reviewed the entire record and deems no hearing necessary. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss, **DENIES** Plaintiff's Motion for Document Summary, and **DENIES AS MOOT** Defendant's Motion to Strike.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Court takes the following facts from pro se Plaintiff's Complaint, memoranda, miscellaneous correspondence, and associated documents. The Court incorporates the allegations from Plaintiff's memoranda, correspondence, and associated documents into the Complaint because, in many respects, the Complaint is unclear and deficient. *Cf. Pegram v. Herdrich*, 530 U.S. 211, 230 & n.10 (2000) (stating that courts may consult parties' legal memoranda to clarify

the meaning of ambiguous complaints); *Lewis v. MV Transp., Inc.*, Civil Action No. 8:12–cv–00983–AW, 2012 WL 4518541, at *1 (D. Md. Sep. 28, 2012) (treating correspondence of pro se litigant as an amended complaint where it was a more detailed variant of the original complaint).

Defendant Karen Stafford (Stafford) is a representative of the Food Employers Labor Relations Association and United Food and Commercial Workers Pension Fund (Fund). Pro se Plaintiff Geraldine Jones (Jones) is a former Giant employee who is participant in the Fund.

Apparently, while working at Giant, Jones acquired carpal tunnel syndrome. In October 1988, Jones was approved for leave of absence on account of her injury. During this period, Jones received accident and sickness leave and workers' compensation.

Jones retired from Giant in April 1990. In 1990, Stafford told Jones that she was only entitled to $186.55 a month under the Fund. In Jones's words, when Stafford told her this,

> I thought it was incorrect, because I got injured on the job, and I should be compensated in my Pension, as though, I worked until age 65. I went from making approximately $2,000 a month when I was working to $186.55.

Doc. No. 1 at 6–7.

> After learning that she would receive $186.55, Jones further alleges that she talked to Keith a lot at the Pension Fund, and I asked for a book to explain to me how my benefits are calculated. First I was told there was no such book. Then I was told later, I would be mailed one. I never received one until 2009.

*Id.* at 7.

Jones alleges that she requested the book in the 1990 period. *See id.*; Doc. No. 13-1 at 3. When she received the book, Jones alleges that she learned that Stafford had calculated her pension incorrectly, thereby costing her several hundred dollars per pension payment. In essence,

2

Jones alleges that Stafford improperly calculated her pension payment based on accident and sickness leave when she was eligible for disability. Jones further alleges that the book she received details how Stafford incorrectly calculated her pension payment. Jones also appears to allege that Stafford incorrectly calculated her retirement date as 1988 when it was actually 1990.

Jones goes on to allege that she contacted Stafford, who has failed to remediate the erroneous calculation of her pension. In a series of unclear allegations, Jones alleges that Stafford withheld the book explaining the calculation of her pension and engaged in other acts in a "big scheme" to defraud her of her full pension benefit. Jones adds that Stafford is avoiding her and that the Fund failed to properly consider her "letter of appeal."

On March 22, 2012, Jones filed her Complaint. On May 22, 2012, Stafford moved to dismiss. Doc. No. 9. Stafford argues that she is not a proper party to an ERISA action and asks the Court to construe Jones's Complaint as one against the Fund. Stafford also argues that Jones's ERISA claims are untimely and procedurally barred. Stafford urges the Court to dismiss Jones's ADEA and ADA claims on the ground that neither Stafford nor the Fund has ever been Jones's employer. Finally, Stafford argues that Jones's fraud claim is facially implausible and preempted by ERISA. Jones has filed what purports to be a response to Stafford's Motion to Dismiss.

On September 13, 2012, Jones filed a document she captions as a Motion for Document Summary. Doc. No. 17. Jones's Motion for Document Summary is an unclear, meandering document in which she simply alleges that Stafford improperly calculated her pension. On October 16, 2012, Jones filed a similar document in which she requests the Court to order Stafford to produce unspecified documents that she allegedly never received. On October 31, 2012, Stafford moved to strike this document as redundant with her Complaint.

II.     **STANDARD OF REVIEW**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III.    LEGAL ANALYSIS**

**A.    ERISA**

 *1.    Whether Jones Properly Sued Stafford Under ERISA*

 Although the Fourth Circuit has yet to fully resolve the issue, plaintiffs generally may institute an action to recover ERISA benefits against only the plan, plan administrator, or plan fiduciary. *Cf. Gluth v. Wal-Mart Stores, Inc.*, 1997 WL 368625, at *6 n.8 (4th Cir. July 3, 1997); *Ankney v. Metro. Life Ins. Co.*, 438 F. Supp. 2d 566, 574 (D. Md. 2006).

 In this case, although there is no dispute that Stafford works for the Fund, Jones's allegations fail to create a plausible inference that Stafford is the plan administrator or a plan fiduciary. Accordingly, the Court dismisses Jones's ERISA claims against Stafford and treats them as claims against the Fund.[1]

 *2.    Miscalculation of Benefits*

 The next question is whether Jones has stated a cognizable claim that the Fund has miscalculated her benefits. The Fund argues that Jones's claim for the miscalculation of benefits fails for three reasons: (1) Jones's failed to exhaust administrative remedies; (2) the claim is largely time-barred; and (3) the claim is facially implausible. The Court addresses these arguments in turn.

 a.    <u>Failure to Exhaust</u>

 ERISA plan participants must pursue and exhaust plan remedies before gaining access the federal courts. *See Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005). "[I]nternal appeal limitations periods in ERISA plans are to be followed just as ordinary statutes of limitations." *Id.* Consequently, "[f]ailure to file a request for review within [a plan's]

---

[1] This dismissal is without prejudice to the right of Jones to move to reinstate Stafford as a party if discovery uncovers a factual basis supporting the conclusion that Stafford is a plan administrator or fiduciary.

limitations period is one means by which a claimant may fail to exhaust her administrative remedies." *Id.* (alteration in original) (citation and internal quotation marks omitted).

Thus, the dispositive issue is whether Jones filed a request for review within the plan's limitations period. "[T]he validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan at issue." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When interpreting a plan, courts must pay due regard to its plain language. *See Booth v. Wal-Mart Stores, Inc. Assocs. Health and Welfare Plan*, 201 F.3d 335, 342 (4th Cir. 2000).

The Fund points the Court to Article IX, Section 9.2 of its plan.[2] Thereunder, in the Fund's estimation, the plan participant must request administrative review within sixty days after notice of claim denial. The Fund argues that Jones received such notice in the 1990 period when Jones learned that she was entitled to only $186.55 a month. Therefore, because Jones did not request administrative review within sixty days of this period, the Fund concludes that she failed to exhaust administrative remedies.

However, this may be a misreading of the pertinent plan language. The provisions the Fund cites entail procedures for appealing the denial of a claim. Here, however, it is unclear that the Fund denied Jones's claim within the meaning of the plan. After all, Jones alleges, and the Fund does not dispute, that Jones received $186.55 a month. In other words, these provisions do not appear to address the situation in which a party believes that the Fund has incorrectly calculated her benefits. Accordingly, given the early juncture of the case, the Court refrains from dismissing Jones's ERISA miscalculation claim on failure to exhaust grounds.

---

[2] Even though the plan is technically outside of the Complaint, the Court may consider it because it is integral to the Complaint and Jones repeatedly refers to it therein.

b.     Statute of Limitations

Under ERISA, a participant of an employee benefits plan may commence a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1), (B). The Fund argues that Jones's § 1132(a) claim for benefits owed prior to three years before the date on which she filed suit is barred by Maryland's three-year statute of limitations.  "Because § 1132 does not contain a statute of limitations, courts must borrow the state law limitations period applicable to claims most closely corresponding to the federal cause of action." *Pressley v. Tupperware Long Term Disa. Plan*, 553 F.3d 334, 337 (4th Cir. 2009) (citation and internal quotation marks omitted). As miscalculation of benefits actions sound in breach of contract, courts apply Maryland's three-year statute of limitations for breach of contract actions to such claims. *Dameron v. Sinai Hosp. of Balt., Inc.*, 815 F.2d 975, 981 (4th Cir. 1987). Where, as here, the specification of the date on which a plan participant's claim for benefits was denied is somewhat elusive, courts must determine when some other event should have alerted the participant to her entitlement to the benefits. *Cotter v. E. Confer. of Teamsters Retire. Plan*, 898 F.2d 424, 429 (4th Cir. 1990) (citation omitted).

In this case, the Fund's award of $186.55 to Jones should have alerted her to her alleged entitlement to more benefits. Jones alleges that she thought the amount was incorrect because it was drastically lower than what she made while she worked. So concerned was Jones that she contacted a representative of the Fund and asked him for a book to explain how her benefits were calculated. Therefore, although the initial and subsequent awards of $186.55 might not qualify as denials within the meaning of the plan, they still suffice to alert Jones of her claim to a greater

entitlement of benefits. Hence, Jones's claims for benefits owed prior to March 22, 2009 (i.e., three years prior to the start of the suit) are time-barred.

           c.     <u>Whether Jones Has Stated a Facially Plausible Claim</u>

The Fund also argues, somewhat conclusorily, that Jones's ERISA miscalculation claim fails because it lacks facial plausibility. The Court disagrees. Granted, Jones's pleadings are meandering and somewhat unclear. However, Jones alleges that she was making $2,000 before her injury and wound up receiving a pension of only $186.55. Jones further alleges that Stafford improperly calculated her pension payment based on accident and sickness leave when she was eligible for disability. Additionally, Jones alleges that the book she eventually received details how Stafford incorrectly calculated her pension payment and then makes some attempt to explain the mathematics of the miscalculation. Additionally, Jones appears to allege that Stafford incorrectly calculated her retirement date as 1998 when it was actually 1990. Taking these allegations as true and construing them in the most favorable light, it is plausible that discovery will reveal evidence demonstrating the viability of this claim.

          *3.*    *Failure to Provide Plan Documents*

Jones also argues that the Fund failed to provide certain plan documents (i.e., the book explaining how her pension was calculated) in violation of ERISA. This claim is time-barred. Generally, ERISA creates a private right of action for plan participants to seek penalties from plan administrators who fail to timely provide certain plan documents. *See* 29 U.S.C. § 1132(c)(1). "In order for the statutory penalties in 29 U.S.C. § 1132(c) to apply, [Jones] would have to demonstrate that [the Fund] failed to provide [her] with documents following [her] written requests." *Lopriore v. Raleigh Cardiovas. and Thoracic, Inc.*, 28 Fed. App'x 284, 288–89 (4th Cir. 2002).

"Because § 1132 does not contain a statute of limitations, courts must borrow the state law limitations period applicable to claims most closely corresponding to the federal cause of action." *Pressley*, 553 F.3d at 337 (citation and internal quotation marks omitted). "Here the analogous state law limitation period is Maryland's one year statute of limitations for suits for fines, penalties, and forfeitures." *Corrado v. Life Invs. Owners Participation Trust and Plan*, Civil Action No. DKC 08–0015, 2011 WL 886635, at *11 (D. Md. Mar. 11, 2011) (citation omitted).

In this case, Jones's § 1132(c) claim fails for two reasons. First, Jones's allegations fail to create a plausible inference that she submitted a **written** request for information. Jones simply alleges that she "talked to" a person named Keith at the Pension Fund and asked for a book to explain how her benefits are calculated. Furthermore, even if Jones sufficiently stated that she filed a written request for the book, her allegations lead ineluctably to the inference that she requested it in the 1990 period. Jones alleges that, after learning that her payment was only $186.55, she talked to Keith and asked for the book. She then states that, after first being told there was no book, she was told that she would be mailed one. Jones adds that she "never received one until 2009." In light of her pro se status, the Court will assume arguendo that Jones did not make her request until the last day of 1999. Even were that so, the statute of limitations would have expired in 2001. Indeed, even if the Court applied Maryland's more lenient three-year statute of limitations, Jones's § 1132(c) would still be time-barred as it would have expired in 2003. Accordingly, the Court dismisses this claim.[3]

---

[3] Jones does not clearly allege a § 1132(c) claim. Yet the Court construed her Complaint as stating one in light of her pro se status. As the Fund raised the statute of limitations defense to Jones's ERISA claims, the Court deemed it proper to apply it to Jones's implicit § 1132(c) claim.

    *4.*       *Whether the Fund's Alleged ERISA Violation Was Willful*

Jones also appears to assert an ERISA claim under 29 U.S.C. § 1131. Section 1131 creates criminal penalties for certain willful ERISA violations. Assuming Jones has standing to assert this claim, it fails because the Complaint does not sufficiently state that the Fund's alleged miscalculation of her benefits was willful. *See Powell*, 780 F.2d at 424 (citation and internal quotation marks omitted) ("the maladministration alleged . . . does not rise to a willful violation of ERISA for purposes of the Act's criminal enforcement provision").

***

The preceding analysis demonstrates the following propositions: (1) Jones improperly brought her ERISA claims against Stafford; they are properly brought against the Fund; (2) Jones's § 1132(c) claim is facially implausible and time-barred; (3) Jones's § 1132(a) claim for benefits owed prior to March 22, 2009 is time-barred; and (4) it is implausible that the Fund's alleged improper calculation of Jones's benefits was willful. As a result, Jones's only viable ERISA claim is for miscalculated benefits after March 22, 2009.

**B.**    **ADEA**

Jones's ADEA claim fails as a matter of law. Generally, plaintiffs may bring ADEA claims against only employers, employment agencies, and labor organizations. *See* 29 U.S.C. § 623. Here, Jones all but concedes that Giant, not the Fund or Stafford, employed her. Furthermore, the Complaint's allegations support only this inference. Additionally, the ADEA protects only individuals who are at least 40 years of age. *See* 29 U.S.C. § 631. Here, however, Jones alleges that she was either 34 or 36 when she experienced the complained-of discrimination. Accordingly, Jones's ADEA claim is not cognizable.

C.      **ADA**

Jones's ADA claim is not cognizable because her allegations fail to support the inference that either Stafford or the Fund was her employer. Plaintiffs generally may bring ADA actions against only employers, employment agencies, or labor organizations. *See Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999). Therefore, Jones's ADA claim fails as a matter of law.

D.      **Fraud**

Jones asserts a common law fraud claim against Stafford. Specifically, Jones alleges that Stafford concocted a "big scheme" to deprive her of her full pension benefit.

Section 514(a) of ERISA, 29 U.S.C. § 1144(a), states that, with a few exceptions, ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. *See* 29 U.S.C. § 1144(a). Consistent with § 1144(a), the Fourth Circuit has held that "state laws, insofar as they are invoked by beneficiaries claiming relief for injuries arising out of the administration of employee benefit plans, 'relate to' such plans and, absent an applicable exemption, are preempted by ERISA." *Powell v. Chesa. and Potom. Tel. Co. of Va.*, 780 F.2d 419, 421 (4th Cir. 1985). Consequently, as a general matter, "ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (collecting cases).

In this case, Jones bases her fraud claim on the same allegations on which she bases her ERISA claims (i.e., fraud/negligence concerning the existence or extent of benefits under the employee benefit plan). Thus, ERISA preempts Jones's fraud claim.

Furthermore, Jones's fraud claim would fail even if ERISA failed to preempt it. Rule 9 of the Federal Rules of Civil Procedure requires plaintiffs to plead fraud with particularity. Fed. R. Civ. P. 9(b). Although Jones accuses Stafford of perpetrating a big scheme to defraud her of her pension benefits, Jones does not adequately allege "the time, place, and contents of the false representations." *Harrison*, 176 F.3d at 784. Accordingly, Jones's fraud claim is not cognizable.[4]

**E.    Other Motions**

The Court denies Jones's Motion for Document Summary. This Motion is an unclear document in which Jones repeats the allegation that Stafford incorrectly calculated her pension. Also, the Court denies as moot Stafford's Motion to Strike. Although the correspondence Stafford seeks to strike is redundant, the Court did not rely on it in a way that prejudiced either Stafford or the Fund.

**IV.    CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Stafford's Motion to Dismiss, **DENIES** Jones's Motion for Document Summary, and **DENIES AS MOOT** Stafford's Motion to Strike. A separate Order follows.

| | |
|---|---|
| November 20, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |

---

[4] On the second page of her Complaint, Jones checked in boxes for sex discrimination and "Termination of my employment." However, the Complaint contains no allegations regarding sex discrimination. Therefore, even if the Court inferred a sex discrimination claim, it would fail as a matter of law. Furthermore, Jones alleges that she quit/retired from Giant. Therefore, even if the Court construed the putative "Termination of my employment" claim as one for wrongful termination, it would fail as a matter of law.