**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **GERALDINE JONES,** | * |
| Plaintiff, | * |
| v. | * |
| | *     Civil Case No.: PWG-12-891 |
| **FOOD EMPLOYERS LABOR** | * |
| **RELATIONS ASSOCIATION AND** | |
| **UNITED FOOD AND COMMERCIAL** | * |
| **WORKERS PENSION FUND,** | |
| | * |
| Defendant. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses the Motion for Summary Judgment and Memorandum in Support that Defendant Food Employers Labor Relations Association and United Food and Commercial Workers Pension Fund (the "Fund") filed, ECF Nos. 42 and 42-1; *pro se* Plaintiff Geraldine Jones's Opposition, ECF No. 46; Defendants' Reply, ECF No. 50; and Plaintiff's Surreply, ECF No. 52,[1] as well as Defendant's Motion to Seal Administrative Record,

---

[1] Plaintiff initially submitted a surreply on November 18, 2013, ECF No. 51-1, which the docketing clerk returned to her and which I will not consider, because she filed it without permission of the Court. *See* Loc. R. 105.2.a. Thereafter, on January 9, 2014, Plaintiff filed a request for leave to file a surreply, which includes a surreply and five exhibits, ECF Nos. 52, 52-1 & 52-2. Plaintiff's request is GRANTED as unopposed, and I will consider her January 9, 2014 surreply.

      Plaintiff filed her Opposition and accompanying exhibits "under seal," and her Surreply and accompanying exhibits are sealed as well. Yet, Plaintiff has not complied with Local Rule 105.11's requirements for sealing documents filed in the record. For the time being, these documents remain UNDER SEAL. Within twenty-one (21) days, Plaintiff shall file redacted memoranda and exhibits, in compliance with Fed. R. Civ. P. 5.2, as continuing to seal all of these documents is inconsistent with Fourth Circuit law. Failure to do so will result in the documents being unsealed.

Exhibit A to Declaration of William Jensen in Support of Motion for Summary Judgment, ECF No. 43, to which Plaintiff has not filed an opposition, and the time for doing so has passed, *see* Loc. R. 105.2.  Having reviewed the filings, I find that a hearing is unnecessary.  *See* Loc. R. 105.6.  For the reasons stated below, Defendant's Motion to Seal IS GRANTED, and Defendant's Motion for Summary Judgment WILL BE GRANTED on February 14, 2014, unless Plaintiff provides evidence of a timely appeal before then, as described more fully below, at pages 10–11, in which case Defendant's Motion WILL BE DENIED.

## I. BACKGROUND[2]

Ms. Jones, a former Giant employee, is a participant in the Fund.  She acquired carpal tunnel syndrome while working at Giant and "was approved for a leave of absence on account of her injury" in October 1988.  Mem. Op. 2, ECF No. 22.  During her leave of absence, "Jones received accident and sickness leave and workers' compensation."  *Id.*

When Plaintiff retired from Giant in April, 1990, she was told that she was entitled to a pension of only $186.55 per month under the Fund.  Plaintiff believed that her pension should have been greater because of her on-the-job injury.  She inquired of Fund representatives, through several letters and phone calls, discussed in further detail below, why her pension was not greater.  According to Ms. Jones, in 2009, the Fund sent her a book that explained benefits calculations, and Plaintiff believed that the book supported her assertion that her pension had

---

[2] In reviewing the evidence related to a motion for summary judgment, the Court considers undisputed facts, as well as the disputed facts viewed in the light most favorable to the non-moving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391–92 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004). For the factual background, I relied on Plaintiff's Complaint and the summary judgment briefings, as well as Judge Williams's presentation of the facts in his November 20, 2012 Memorandum Opinion, ECF No. 22.

been miscalculated. She claims that her pension should have been calculated based on disability, for which she was eligible, but it was calculated based on accident and sickness leave instead.

Ms. Jones filed suit in this Court on March 22, 2012, naming Karen Stafford, the pension supervisor for Associated Administrators, LLC, the Fund's third-party administrator, as the sole defendant and alleging various claims, including an Employee Retirement Income Security Act of 1974 ("ERISA")[3] claim that the Fund miscalculated her benefits. *See* Def.'s Mem. 1. Ms. Stafford moved to dismiss and Judge Williams, to whom this case was assigned before it was reassigned to me, *see* Docket, issued a Memorandum Opinion and Order, dismissing all claims against Ms. Stafford, construing Plaintiff's Complaint as against the Fund, and instituting the Fund as the sole Defendant. ECF Nos. 22 and 23.

Judge Williams also dismissed all claims against the Fund except for Plaintiff's ERISA claim for allegedly miscalculated benefits after March 22, 2009, *see* 29 U.S.C. § 1332(a). Judge Williams rejected Defendant's argument that the remaining ERISA claim should be dismissed because Plaintiff failed to exhaust plan remedies, reasoning as follows:

> ERISA plan participants must pursue and exhaust plan remedies before gaining access the federal courts. *See Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005). "[I]nternal appeal limitations periods in ERISA plans are to be followed just as ordinary statutes of limitations." *Id.* Consequently, "[f]ailure to file a request for review within [a plan's] limitations period is one means by which a claimant may fail to exhaust her administrative remedies." *Id.* (alteration in original) (citation and internal quotation marks omitted).
>
> Thus, the dispositive issue is whether Jones filed a request for review within the plan's limitations period. "[T]he validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan at issue." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When interpreting a plan, courts must pay due regard to its plain language. *See Booth v. Wal-Mart Stores, Inc. Assocs. Health and Welfare Plan*, 201 F.3d 335, 342 (4th Cir. 2000).

---

[3] 29 U.S.C. §§ 1001 – 1461.

>     The Fund points the Court to Article IX, Section 9.2 of its plan. Thereunder, in the Fund's estimation, the plan participant must request administrative review within sixty days after notice of claim denial. The Fund argues that Jones received such notice in the 1990 period when Jones learned that she was entitled to only $186.55 a month. Therefore, because Jones did not request administrative review within sixty days of this period, the Fund concludes that she failed to exhaust administrative remedies.
>
>     However, this may be a misreading of the pertinent plan language. The provisions the Fund cites entail procedures for appealing the denial of a claim. Here, however, it is unclear that the Fund denied Jones's claim within the meaning of the plan. After all, Jones alleges, and the Fund does not dispute, that Jones received $186.55 a month. In other words, these provisions do not appear to address the situation in which a party believes that the Fund has incorrectly calculated her benefits.

Mem. Op. 5–6 (footnote omitted).

The Fund now moves for summary judgment on the remaining ERISA claim. Again, the Fund argues that "Jones' claim for benefits against the Fund is barred under the Employee Retirement Income Security Act of 1974, as amended, and under the Fund's Plan, because Ms. Jones failed to timely exhaust her administrative remedies before filing this action." Def.'s Mot. 1. Defendant contends that, pursuant to § 10.2 of the Plan, "[a] participant may request review by the Board of Trustees within 60 days after notice of the adverse benefit determination." Def.'s Mem. 3, ¶ 5. According to Defendant, "Ms. Jones submitted her pension application to the Fund on or about July 25, 1992," and "[o]n or about October 10, 1992, Ms. Jones completed the Fund's Final Pension Election Form, electing payment of a regular pension." *Id.* ¶ 6. Additionally, Defendant alleges that "[t]he Fund sent a letter to Ms. Jones dated October 20, 1992 stating that Ms. Jones would receive a [pension] check … for the period of December 1, 1988 through January 1, 1992," and that Plaintiff's pension was $181.12 for the month of December 1988 and $186.55 per month from January 1989 through January 1992. *Id.* ¶ 7. The Fund has continued to pay Plaintiff a monthly pension of $186.55 per month. *Id.* ¶ 8.

According to Defendant, "[b]y letters dated March 18, 2008 and January 22, 2009, the Fund again advised Ms. Jones of her pension benefit calculation. The January 22, 2009 letter also advised Ms. Jones of her right to appeal the Fund's calculation of her pension benefits." *Id.* ¶ 9. Defendant insists that "Ms. Jones did not send any correspondence to the Fund requesting a review of her pension benefit calculation within 60 days of the January 22, 2009 letter." *Id.* ¶ 10.

In support, Defendant offers the Declaration of William R. Jensen, who is President of the Fund's third-party administrator and is "responsible for monitoring benefit claims from participants and beneficiaries of the Fund." Jensen Decl. ¶¶ 1-2, ECF No. 42-2. Attached as Exhibits B and C to Mr. Jensen's Declaration are the Pension Plan and the Restated Agreement and Declaration of Trust, which govern the Fund. Jensen Decl. ¶ 4 & Exs. B & C, ECF Nos. 42-4 & 42-5. Article X, § 10.2 of the Pension Plan provides:

> The Trustees shall construe the terms and provisions of the Plan, and shall adhere to the following rules with respect to handling applications for benefits hereunder:
>
> Each claim for benefits hereunder pursuant to application filed with the Trustees shall be reviewed and approved (or disapproved) by the Trustees within ninety (90) days of receipt of the application; unless special circumstances require an extension of time for processing the claim, such extension not to exceed ninety (90) days.
>
> If a claim for benefits hereunder is denied by the Trustees, the claimant shall, within ninety (90) days of such denial, be provided with adequate notice in writing of such denial, setting forth the specific reason or reasons for denying payment of the benefits, written in as clear a manner as possible. The written notice shall make specific reference to the pertinent plan provision upon which the denial is based, shall describe any additional material or information necessary to complete the claim, shall explain why such material or information is necessary, and shall furnish an explanation of the Plan's claim review procedure. The written notice shall also include a statement that the claimant has a right to a full and fair review by the Trustees of the claim denial, and shall advise the claimant that he or his duly authorized representative may review pertinent documents and may submit issues and comments in writing.

> *If a review is requested by the claimant, such request must be filed within sixty (60) days after receipt by the claimant of the notice of claim denial.* The review will take place at the next regularly scheduled meeting of the Trustees, if possible, but in any event within one hundred twenty (120) days of receipt of the request for a review. At this review, the Trustees will decide the issues on the basis of the merits of the case and the decision of the Trustees shall be final and binding on all parties. The decision of the Trustees shall be in writing, shall be rendered no later than one hundred twenty (120) days after receipt of the request for a review, shall be written in a manner calculated to be understood by the claimant, and shall include specific reasons for the denial and specific references to the Plan provisions on which the decision is based.

Pension Plan art. X, § 10.2 (emphasis added).

Mr. Jensen also attached the administrative record ("AR") for Plaintiff's benefit award, ECF No. 43-1, which purportedly "contains all correspondence between Ms. Jones and the Fund." Def.'s Mem. 4. The record includes letters from the Fund to Plaintiff on March 18, 2008 and January 22, 2009, in which the Fund informed Plaintiff about her benefits and, in the January 22, 2009 letter, advised her of her right to appeal. AR 218 & 240. The January 22, 2009 letter stated that the Fund had written "several letters" to Plaintiff in response to her inquiries about her benefit calculations. *Id.* at 240. The record also includes several letters from Plaintiff to the Fund, including letters dated March 13, 2008, *id.* at 246; January 12, 2009, *id.* at 242; October 5, 2009, *id.* at 211–14; and September 26, 2010, *id.* at 118–19; as well as two emails, dated March 18, 2011 and March 21, 2011, to the "Judicial Circuit Court of Maryland" titled "Petition for Judicial Review," *id.* at 8–11. In her January 12, 2009 letter, Plaintiff claimed that it was "the third time [she was] writing" to the Fund. *Id.* at 242. In her October 5, 2009 letter, Plaintiff questioned how her benefits were calculated and stated that she has "a copy of every letter that [she] wrote to [the Fund] and every letter that [the Fund] wrote back." *Id.* at 214. In her September 26, 2010 letter, Plaintiff wrote: "I asked so many times during the years, how my Pension was calculated." *Id.* at 118–19.

In the March 18, 2011 Petition for Judicial Review, Plaintiff claimed that "[w]hen [she] called the Pension Fund, they would not talk to [her], they told [her] to write a letter," but "[w]hen [she] wrote a letter, they never responded to any of the letters," and the Fund "did not respond to [her] letters in 1 ½ years." *Id.* at 10. According to Plaintiff, the letters she wrote to the Fund "are certified, and [she has] the receipts." *Id.* at 11. She also alleged that she "went to the Landover Office to hand deliver some letter[s], which were stamped by the employees working there." *Id.* In the March 20, 2011 Petition for Judicial Review, Plaintiff asserted that she had "written approximately six or seven letters" to the Fund, asking the Fund to "fix [her] Pension." *Id.* at 8.

The record also includes an "Appeal of Pension" dated September 20, 2010, *id.* at 132–33, and an "Appeal to the Board of Trustee" dated September 27, 2010, *id.* at 130–31. In the Appeal of Pension, Plaintiff stated that she was "appealing the amount of [her] monthly Pension payment, from the Pension Fund," and that she "called the Pension Department numerous times" and "then . . . started writing letters," including "letters to Karen Stafford, John Harold, Mr. Jensen, Mr. Federici of the Pension Department, and Trinett Williamson, Human Resources, Giant Food." *Id.* at 132. In the Appeal to the Board of Trustee, Plaintiff stated repeatedly that she wrote to representatives of the Fund about her benefits determination, but "they do not write back." *Id.* at 131.

## II. DISCUSSION

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is

7

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, No. 12-1722, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

Generally, an ERISA claimant must "'exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132.'" *Gross v. St. Agnes Health Care, Inc.*, No. ELH-12-2990, 2013 WL 4925374, at *6 n.8 (D. Md. Sept. 12, 2013) (quoting *Makar v. Health Care Corp of Mid–Atl. (Carefirst)*, 872 F.2d 80, 82 (4th Cir. 1989)). This prerequisite "is intended to 'minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a non-adversarial dispute resolution process; and decrease the cost and time of claims settlement.'" *Id.* (quoting *Makar*, 872 F.2d at 83). However, "ERISA does not contain an explicit exhaustion provision," and "the Fourth Circuit has not held that exhaustion in the context of ERISA is a jurisdictional requirement, but where an ERISA claimant fails to exhaust her administrative remedies, a court may dismiss the claim, without prejudice, to permit the claimant to pursue those remedies." *Id.* Notably, "[i]In the Fourth Circuit, '[a]n ERISA cause of action does not accrue until a claim of benefits has been made and formally denied." *Bond v. Marriott Int'l, Inc.*, ---- F. Supp. 2d ----, 2013 WL 4829263, at *7 (D. Md. Aug. 9, 2013) (quoting

*Rodriguez v. MEBA Pension Trust*, 872 F.2d 69, 72 (4th Cir. 1989); citing *Williams v. Ironworkers Local 16 Pension Fund*, 178 F. App'x 235, 237 (4th Cir. 2006)).

At the time Judge Williams issued his Memorandum Opinion and Order, it was "unclear that the Fund denied Jones's claim within the meaning of the plan," as Plaintiff did receive benefits, albeit less than she sought. Mem. Op. 5–6. The record before me now includes Plaintiff's January 12, 2009 letter to the Fund, in which she claimed that her "pension and severance pay" should have been "alot [*sic*] more than [she] received," AR 242–44, and the Fund's January 22, 2009 letter response to Plaintiff, in which the Fund informed Plaintiff that she was miscalculating her pension benefits because she was referring to a "summary Plan Description Booklet and rates" for employees who were employed by Giant Food at a later date than her, *id.* at 240–41. The January 22, 2009 letter includes language that makes it unmistakably a denial of benefits.[4] *See id.* Specifically, the Fund advised Plaintiff:

> Please be advised that you have the right to appeal this decision to the Board of Trustees. *If you decide to appeal, you must do so in writing within 60 days of your receipt of this letter.* You may submit written comments, documents, and other information relating to your claim. If you so request, you will be provided with access to, and copies of; documents and other information that are relevant to your claim. You have the right to designate, in writing, a representative to act on your behalf. You must provide the Fund with the representative's name, address and telephone number, and the Fund will direct all

---

[4] The October 20, 1992 letter to Plaintiff from the Fund, in contrast, Def.'s Mem. Ex. D, ECF No. 42-6, described the benefits she would receive, but did not "make specific reference to the pertinent plan provision upon which the denial is based, . . . describe any additional material or information necessary to complete the claim, . . . explain why such material or information is necessary," or "furnish an explanation of the Plan's claim review procedure," as the Pension Plan requires a notice of denial to do. *See* Pension Plan art X, § 10.2. Nor did it "include a statement that the claimant has a right to a full and fair review by the Trustees of the claim denial," or "advise the claimant that he or his duly authorized representative may review pertinent documents and may submit issues and comments in writing," as the Pension Plan also requires. *See id.* Therefore, that letter was not a denial of benefits and did not trigger the period in which Plaintiff had to exhaust her administrative remedies. *See Rodriguez*, 872 F.2d at 72; *Bond*, 2013 WL 4829263, at *7.

future communications to the representative. The full appeal procedure is contained in the Summary Plan Description.

The Board of Trustees will review your appeal at its next scheduled meeting unless the appeal is filed within 30 days of that meeting, in which case, it will be reviewed at the following meeting, if circumstances require more time for a decision, you will be notified in writing. The notice will describe the reason for the delay and the approximate date a decision will be made. (The decision will be made no later than the third Board of Trustees' meeting following the date the Fund receives your appeal. The review will take into account all Information you submit relating to your claim. The Fund will notify you in writing of the Board of Trustees' decision within Five (5) days after the decision is made. In the event your appeal is denied, you have the right to bring a civil action under section 502(a) of the Employee Retirement Income Security Act.

*Id.* (emphasis added). Therefore, Plaintiff's claim for additional benefits was "'formally denied'" in the Fund's January 22, 2009 letter. *See Rodriguez*, 872 F.2d at 72; *Bond*, 2013 WL 4829263, at *7. Consequently, Plaintiff had to "'exhaust the remedies provided by the employee benefit plan in which [s]he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132.'" *Gross*, 2013 WL 4925374, at *6 n.8 (quoting *Makar*, 872 F.2d at 82). This means that, pursuant to the Plan, Plaintiff had to file an appeal within sixty days of receiving the Fund's January 22, 2009 letter. *See* Pension Plan art. X, § 10.2.

It is undisputed that Plaintiff filed an appeal in September 2010. *See* AR 130–33. However, that appeal was well over sixty days after Plaintiff received the Fund's January 22, 2009 letter. None of the letters from Plaintiff to the Fund included in the record are dated between January 23, 2009 and March 23, 2009, the sixty-day period following January 22, 2009. Additionally, in neither her Opposition nor her Surreply does Plaintiff contend that she filed a timely appeal.

Nonetheless, the record includes extensive correspondence between Plaintiff and the Fund, and that correspondence makes numerous references to letters that Plaintiff sent to the Fund, challenging her benefits calculation and requesting that it be recalculated. *See* AR 211–

14, 118–19, 218, 240, 242, 246.  In her Petitions for Judicial Review, her Appeal of Pension, and her Appeal to the Board of Trustee, Plaintiff also claimed that she wrote several letters to the Fund.  *Id.* at 8–11, 131–32.  Additionally, Plaintiff claimed in a Petition for Judicial Review that her letters were ""certified, and [she has] the receipts."  *Id.* at 11.  Likewise, in her October 5, 2009 letter, Plaintiff stated that she has "a copy of every letter that [she] wrote to [the Fund]."  *Id.* at 214.  It is possible that one of these letters is an appeal to the Board of Trustees filed in the period provided by the Plan.

Because Plaintiff has not produced an appeal that she filed between January 23, 2009 and March 23, 2009, on the record before me, Plaintiff has not exhausted her remedies under the Plan.  *See* Pension Plan art. X, § 10.2.  Therefore, Defendant's Motion for Summary Judgment will be granted on February 14, 2014, unless Plaintiff provides evidence of a timely appeal before then, in which case Defendant's Motion will be denied.  *See Makar*, 872 F.2d at 82; *Gross*, 2013 WL 4925374, at *6 n.8.  Defendant's Motion for Summary Judgment remains pending.

### III. MOTION TO SEAL

Local Rule 105.11, which governs the sealing of all documents filed in the record, provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. . . .

Defendant provided justification for sealing the Administrative Record, *see* Def.'s Mot. to Seal 2, in compliance with Loc. R. 105.11(a).  As Defendant stated, the Administrative Record "contains confidential personal identifying information of Ms. Jones, such as her Social Security

number, date of birth, marital status and disability records." Def.'s Mot. to Seal 2. Further, even though the Administrative Record could be filed with this confidential information redacted, Rule 5.2(b) provides that a party is not required to redact "the record of an administrative or agency proceeding." Fed. R. Civ. P. 5.2(b). Therefore, Defendant need not explain why this "alternative[] to sealing would not provide sufficient protection." *See* Loc. R. 105.11(b). Defendant's Motion to Seal is GRANTED.

## IV. CONCLUSION

In sum, Defendant's Motion to Seal is GRANTED, and Defendant's Motion for Summary Judgment remains pending. Defendant's Motion for Summary Judgment will be granted on February 14, 2014, unless Plaintiff provides evidence of a timely appeal before then, in which case Defendant's Motion will be denied.

A separate order shall issue.

Dated: <u>January 29, 2014</u>　　　　　　　　　　　　　<u>　　　　/S/　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

lyb